UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 05-1046(E) DSF | Date | March 4, 2008 |
|---|---|---|---|

| Present: The Honorable | DALE S. FISCHER, UNITED STATES DISTRICT JUDGE |
|---|---|
| Interpreter | N/A |

| PAUL PIERSON | NOT PRESENT | DANIEL SAUNDERS<br>KEVIN LALLY<br>(NOT PRESENT) |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1) ANTHONY PELLICANO | NOT | X | | 1) PRO SE | | | |
| 2) MARK ARNESON | NOT | | X | 2) CHAD HUMMEL | NOT | | X |
| 3) RAYFORD EARL TURNER | NOT | | X | 3) MONA SOO HOO | NOT | | X |
| 4) KEVIN KACHIKIAN | NOT | | X | 4) ADAM BRAUN | NOT | | X |
| 6) ABNER NICHERIE | NOT | | X | 6) LAWRENCE SEMENZA | NOT | | X |

| Proceedings: | (In Chambers) Order GRANTING IN PART and DENYING IN PART Government's Motion in Limine to Preclude Defendants From Introducing Their Own Statements |
|---|---|

      The government plans to use portions of recordings and transcripts containing statements by several of the defendants. Some of these defendants wish to introduce other portions of the recordings and transcripts in order to give additional context for the statements that they believe will contradict the inculpatory implications of the portions that the government will designate. The government has moved to preclude the defendants from introducing their own past statements.

      To the degree that defendants seek to introduce their statements under Federal Rule of Evidence 106 – the federal version of the rule of completeness – the Ninth Circuit has held that any hearsay evidence that is proposed to be introduced under Rule 106 must independently satisfy an exception to the hearsay rule. United States v. Collicott, 92 F.3d 973, 983 (9th Cir. 1996). However, this does not give the government carte blanche to introduce misleadingly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

excerpted evidence.  The Court retains authority to completely reject the offered evidence based on Federal Rule of Evidence 403.  If the offered excerpt is misleading without additional portions before or after the excerpt, then the unfair prejudice will outweigh the probative value.  Defendants should be aware that misleading does not mean merely that the jury might look at the excerpt differently if they had the "whole story."  Misleading means that a statement is taken out of context such that it gives an inference that is contradicted by another non-excerpted statement proximate to the excerpted one.  For example, on page 7 of Exhibit E to the government's Notice of Intent to Introduce Redacted Statements (filed under seal), the government seeks to introduce the following statement by defendant Ray Turner:

> "RT:  They're trying to, but if they can link t- if they link it all together, then we're in trouble."

> However, the government wishes to leave out the sentence right after it:

> "But they can't link it together cause I had nothing to do with wiretapping."

This is a misleading excerpt.  The portion that the government seeks to admit looks like a confession, but the sentence immediately following makes clear that it is not a confession.  If the government does not want the evidence totally excluded under Rule 403, it needs to offer at least the following statement that the Court has identified.  But Turner does not get to introduce other parts of the transcript where he says potentially exculpatory things.  While it might be helpful to his case, it is hearsay that does not presently appear to fall under any exception.  These determinations are necessarily <u>ad hoc</u> and will depend on the specific statement that the government seeks to introduce.

Of course, a defendant can introduce his own past statements if those statements are not hearsay or fall within a hearsay exception.

The government's motion is GRANTED IN PART and DENIED IN PART consistent with this order.

IT IS SO ORDERED.

Initials of Deputy Clerk : <u>*PDP*</u>